UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEREK LAMONT BLACKMON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:15 CV 1167 CDP |
| | ) |
| CHANTAY GODERT,[1] | ) |
| | ) |
| Respondent. | ) |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri state prisoner Dereck Lamont Blackmon's petition for writ of habeas corpus under 28 U.S.C. § 2254. I will deny the petition.

## **Procedural History**

On June 14, 2011, Blackmon pled guilty in the Circuit Court of Butler County, Missouri, to one count of Class B Arson First Degree. In accordance with the plea agreement, the court sentenced Blackmon to a term of twelve years' imprisonment but suspended execution of sentence and placed Blackmon on a five-year term of supervised probation. On June 11, 2013, the court revoked Blackmon's probation and ordered that the twelve-year sentence be executed.

---

[1] Petitioner is currently incarcerated at the Northeast Correctional Center (NECC). Because Chantay Godert is the current warden at NECC, Godert is substituted for former warden James Hurley as the proper party respondent.

Blackmon thereafter filed a motion for post-conviction relief under Missouri Supreme Court Rule 24.035, which the trial court denied after an evidentiary hearing. On April 21, 2015, the Missouri Court of Appeals affirmed the trial court's denial of post-conviction relief.

Blackmon timely filed this habeas petition on July 28, 2015, in which he raises one claim for relief: that plea counsel was ineffective for incorrectly advising him that the offense to which he pled guilty was not a "dangerous" felony as defined under Missouri law. Blackmon claims that because he pled guilty to a dangerous felony, he is required to serve 85% of his sentence before being eligible for parole. Blackmon argues that had he been properly advised, he would not have pled guilty to a dangerous felony and would have insisted on going to trial. Blackmon raised this claim in his post-conviction motion and on appeal of the denial of the motion. Upon review of the merits of the claim, the Missouri Court of Appeals denied relief.

For the reasons that follow, Blackmon's claim also fails here.

**Legal Standard**

Where the state court adjudicated a claim on the merits, federal habeas relief can be granted on the claim only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,"

28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). *See Williams v. Taylor*, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. *Id.* at 380-83.

A state court's decision is "contrary to" clearly established Supreme Court precedent when it is opposite to the Supreme Court's conclusion on a question of law or different than the Supreme Court's conclusion on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 412-13; *Carter v. Kemna*, 255 F.3d 589, 591 (8th Cir. 2001). A state court's decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Merely erroneous or incorrect application of clearly established federal law does not suffice to support a grant of habeas relief. Instead, the state court's application of the law must be objectively unreasonable. *Id.* at 409-11; *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011). Finally, when reviewing whether a state court decision involves an "unreasonable determination of the facts" in light of the evidence presented in the state court proceedings, a federal court must presume that state court findings of

basic, primary, or historical facts are correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Rice v. Collins*, 546 U.S. 333, 338-39 (2006); *Collier v. Norris*, 485 F.3d 415, 423 (8th Cir. 2007). Erroneous findings of fact do not *ipso facto* ensure the grant of habeas relief. Instead, the determination of these facts must be unreasonable in light of the evidence of record. *Collier*, 485 F.3d at 423; *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).

The federal court is "bound by the AEDPA [Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). To obtain habeas relief from a federal court, the petitioner must show that the challenged state court ruling "rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Metrish v. Lancaster*, 569 U.S. 351, 357-58 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). This standard is difficult to meet. *Id.*

## Discussion

At the time Blackmon's conviction became final, the law was clearly established that the Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687

(1984). In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court held that a defendant who pled guilty upon the advice of counsel may challenge the voluntariness of that plea through a claim of ineffective assistance of counsel. *Id.* at 56-57.

To be entitled to habeas relief on his claim of ineffective assistance of plea counsel, Blackmon must show that his attorney's performance was not within the range of competence demanded of attorneys in criminal cases. *Hill*, 474 U.S. at 56-57. The standard to be applied in assessing counsel's performance is that set out in *Strickland*. *Id.* at 58. Accordingly, Blackmon must demonstrate that: 1) his counsel's performance was deficient, and 2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. To establish prejudice in the context of a guilty plea, Blackmon must show a reasonable probability that but for counsel's error, he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59.

On post-conviction appeal, the Missouri Court of Appeals summarized the circumstances of Blackmon's plea as follows:

> Blackmon was charged in a three-count information with committing the following crimes on July 5, 2009: the class B felony of first-degree arson (Count I); the class B felony of first-degree assault (Count II); and the unclassified felony of armed criminal action (Count III). *See* § 569.040; §§ 565.050, 571.015 RSMo (2000).
>
> Thereafter, a plea agreement was reached in which Blackmon agreed to plead guilty to first-degree arson. As a class B felony, the

range of punishment for first-degree arson is a minimum of five years and a maximum of fifteen years in prison. *See* § 569.040.2; § 558.011.1(2). First-degree arson also is a "dangerous felony." *See* § 556.061(8). Any offender who pleads guilty to a dangerous felony is required to serve a minimum prison term of 85% of the sentence imposed by the court. *See* § 558.019.3.

In exchange for Blackmon's plea, the State agreed to: (1) recommend a 12-year sentence with suspended execution and probation; (2) dismiss charges for first-degree assault and armed criminal action in the underlying case; (3) dismiss charges of domestic assault, armed criminal action and unlawful use of a weapon in two other, separate cases; and (4) dismiss Blackmon's brother's case, which was based on "the same set of facts arising out of this incident."

At the plea hearing, held in June 2011, Blackmon assured the court that he had discussed his case with plea counsel and understood the charge, including the range of punishment. Blackmon stated he had no questions about the range of punishment. The court questioned Blackmon to ascertain whether his plea was knowing, intelligent and voluntary. After the prosecutor outlined the terms of the plea agreement, Blackmon assured the court that he understood the plea agreement.

(Resp. Exh. E at 2-3.)[2]

Blackmon and his plea counsel testified at the evidentiary hearing on Blackmon's motion for post-conviction relief. Blackmon testified that before accepting the plea deal, he told counsel that he did not want to plead to "an 85 percenter" and asked if arson was such an offense. Blackmon testified that counsel told him that he did not know but did not think so. (Resp. Exh. A at 7.) Counsel testified that he did not recall Blackmon asking if first degree arson was considered

---

[2] I presume these findings of fact to be correct because Blackmon has failed to present any clear and convincing evidence to rebut the presumption. 28 U.S.C. § 2254(e)(1).

an "85 percenter" but would have advised him if so asked that the offense was a dangerous felony subject to the 85% condition. (*Id.* at 18.) Nor did counsel recall whether Blackmon told him that he did not want to plead to an 85 percenter, but he testified that he would not have told Blackmon that arson was not a dangerous felony. (*Id.* at 20-21.)

In denying Blackmon's motion, the trial court noted that because plea counsel was not legally obligated to inform Blackmon that arson first degree was a dangerous felony that would require him to serve 85% of his sentence, Blackmon was required to show that counsel actually provided misinformation by "inform[ing] him that arson in the first degree is *not* a dangerous felony requiring the service of 85% of his sentence[.]" (Resp. Exh. B at 56.) (Emphasis added.) The court found that Blackmon failed to make this showing. The court also found that, because of the leniency of the plea deal, Blackmon failed to show that he would not have pled guilty and would have insisted on going to trial. (*Id.* at 57.*)

On appeal, the Missouri Court of Appeals determined that, although the trial court did not make an express credibility finding in its ruling, it "obviously disbelieved Blackmon's testimony and believed that of [his counsel]" regarding whether counsel told Blackmon that first degree arson was not a dangerous felony. (Resp. Exh. E at 7.) The court of appeals found that the trial court's factual credibility determination was not clearly erroneous and concluded that, under

*Strickland*, Blackmon failed to show that counsel's performance was deficient. The court of appeals therefore affirmed the trial court's decision to deny relief on Blackmon's claim of ineffective assistance of counsel. (*Id.* at 5-8.)

Credibility determinations made for the purpose of establishing underlying facts are left for the state courts to decide. *Graham v. Solem*, 728 F.2d 1533, 1540 (8th Cir. 1984). I may not substitute my judgment as to the credibility of witnesses for that of the state court. *Id.* Instead, I must "accept credibility determinations made by a state court just as any appellate court must accept the credibility determinations of a trial court." *Id.* at 1540-41; *see also Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) (federal habeas courts may not "redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."); *Smulls v. Roper*, 535 F.3d 853, 864 (8th Cir. 2008) (deference owed to state court under § 2254(e)(1) includes deference to its credibility determinations). Blackmon has not provided any clear and convincing evidence that the state court's crediting of plea counsel's testimony over that of Blackmon was unreasonable based on the record.

According deference to the state court's credibility determination, therefore, I find that the Missouri Court of Appeals' conclusion that Blackmon failed to show deficient performance under *Strickland* because he could not establish that counsel provided misinformation regarding parole eligibility, was not contrary to nor an

unreasonable application of Supreme Court precedent.  *See Bivens v. Groose*, 28 F.3d 62, 64 (8th Cir. 1994) (no attorney error under *Strickland* where counsel did not misinform defendant as to consequences of guilty plea).  Nor has Blackmon demonstrated that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Accordingly, Blackmon's claim that ineffective assistance of counsel rendered his guilty plea involuntary is denied.

## Certificate of Appealability

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order denying habeas relief in a § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability.  28 U.S.C. § 2253(c)(1)(A).  To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right.  28 U.S.C. § 2253(c)(2); *see Tiedeman v. Benson,* 122 F.3d 518, 522 (8th Cir. 1997).  A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.  *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997).  I find that reasonable jurists could not differ on Blackmon's claim of ineffective assistance of plea counsel, so I will deny a Certificate of Appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Chantay Godert is substituted for James Hurley as proper party respondent.

**IT IS FURTHER ORDERED** that Derek Lamont Blackmon's petition for writ of habeas corpus [1] pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue in this action because petitioner has not made a substantial showing of a denial of a constitutional right.

A separate Judgment is filed herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of April, 2018.